IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| NINA J. COURSEY,<br><br>          Plaintiff,<br><br>vs.<br><br>THE   PRUDENTIAL   INSURANCE<br>COMPANY OF AMERICA,<br><br>          Defendants,<br><br>vs.<br><br>NINA J. COURSEY,<br><br>          Defendant in Counterclaim,<br><br>FRANCESCA PUDDA,<br><br>          Third-Party Defendant. | Civil Action No.:  CV-203-78 |

## PLAINTIFF'S OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff and files this her Opposition to Third-Party Defendant's Motion for Summary Judgment, and respectfully shows:

1.

There are genuine issues of material fact, which should be resolved by a jury.

2.

The Plaintiff relies upon all pleadings, discovery, affidavits, and all other evidence before the Court.

3.

Plaintiff incorporates her Brief, attached hereto into this Opposition to the

Third-Party Defendant's Motion for Summary Judgment.

WHEREFORE, Plaintiff shows that the Third-Party Defendant's Motion for

Summary Judgment is without merit and should be denied.

Respectfully submitted, this the ___day of January, 2004.

PHILLIPS & KITCHINGS

RICHARD D. PHILLIPS
Georgia Bar No. 576600
JOSEPH C. KITCHINGS
Georgia Bar No. 424656
Attorney for Plaintiff

Post Office Box 69
Ludowici, Georgia 31316
Telephone: 912/545-2191
Facsimile: 912/545-2505

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| NINA J. COURSEY,<br><br>        Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendants,<br><br>vs.<br><br>NINA J. COURSEY,<br><br>        Defendant in Counterclaim,<br><br>FRANCESCA PUDDA,<br><br>        Third-Party Defendant. | Civil Action No.: CV-203-78 |

## PLAINTIFF'S BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

There is an implied cause of action under the SGLI Statute for beneficiaries against the OSGLI. Parker v. OSGLI, 91 F. Supp 2d 820, 824-825 (E.D. Pa. 2000). Plaintiff, Nina J. Coursey, was named as primary beneficiary under her deceased husband's Servicemembers' Group Life Insurance Policy until an alleged change of beneficiary was made around February 17, 2003, less than three (3) weeks prior to his suspicious death in a motorcycle accident.

The Plaintiff, Nina J. Coursey, in this case was the wife of John B. Coursey, III, at the time of his death. As far as the Plaintiff, Nina J. Coursey,

knew the marriage was strong, save the interference from the deceased's family and the Third-Party Defendant, Francesca Pudda. The Plaintiff, Nina J. Coursey, was the named beneficiary of the deceased's Servicemembers' Group Life Insurance Policy up until seventeen (17) days prior to John B. Coursey, III's death.

In Ridgeway v. Ridgeway, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed 2d 39 (1981), the Court expressly exempted cases involving fraud and breach of trust from preemption by the statute.

In Rice v. Office of Servicemembers' Group Life Ins., 260 F. 3d 1240, 1250 (10th in 2001), the Court enunciated a number of factors that might indicate undue influence. Among those are (1) whether the benefactor was given any disinterested advice with respect to the disputed transaction; and (2) the unnaturalness of the gift. See Servicemembers' and Veterans' Group Life Insurance Handbook, Chapter 6, Section 6.03, which states:

(b)     When a member is likely to be survived by dependents or parents and designates some other person or entity as beneficiary, a responsible representative of the uniformed service should advise the member to submit a signed memorandum indicating that the member understands the designation is unusual and that the person named by the member as the beneficiary is the person he or she intends to receive the proceeds.

(c)     Whenever there is any question or doubt as to a beneficiary, the uniformed service should encourage the member to complete form SGLV 8286, Servicemembers' Group Life Insurance Election and Certificate, in order to

clearly identify the person(s) to whom the proceeds of the insurance should be paid.

(d)     Under no circumstances should a member be compelled to designate any beneficiary other than one of his or her own choosing.    The selection of a beneficiary is a matter of free election for the insured, and the insured should never be forced to designate otherwise.     However, when dependents or parents are disregarded in designating beneficiaries, it is desirable that the voluntary nature of the designation be a matter of record.

There is no indication from Mr. Coursey's personnel file that he was either counseled by a disinterested party or he made any express statement as to the voluntariness of this unusual designation of beneficiary to a friend, instead of his wife.

All that is in the personnel file in regard to the change of beneficiary is an instrument allegedly executed on December 28, 2002, but not witnessed or received by Navy personnel until February 16, 2003.

The unnaturalness of the gift and the existence of an illicit relationship between the benefactor, John B. Coursey, III and the beneficiary, Francesca Pudda, should be considered by the trier of fact.   It presents a genuine issue of material fact.

The role of Francesca Pudda in procuring this benefit is also a genuine issue of material fact.  Ms. Pudda did not present an affidavit in conjunction with her Motion for Summary Judgment and has failed to deny her relationship with

the deceased or her influence in the deceased making the change in beneficiaries.

Further, the nature and length of the relationship between John B. Coursey, III and Francesca Pudda are material facts that will show the unnaturalness of the alleged act by John B. Coursey, III.

There being genuine issues of material fact that should be determined by a jury, the Court should deny the Third-Party Defendant's Motion for Summary Judgment.

Respectfully submitted, this the _____ day of January, 2004.

PHILLIPS & KITCHINGS

RICHARD D. PHILLIPS
Georgia Bar No. 576600
JOSEPH C. KITCHINGS
Georgia Bar No. 424656
Attorney for Plaintiff

Post Office Box 69
Ludowici, Georgia 31316
Telephone:  912/545-2191
Facsimile:  912/545-2505

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| **NINA J. COURSEY,** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No.:  CV-203-78** |
| **THE   PRUDENTIAL   INSURANCE COMPANY OF AMERICA,** | |
| **Defendants,** | |
| **vs.** | |
| **NINA J. COURSEY,** | |
| **Defendant in Counterclaim,** | |
| **FRANCESCA PUDDA,** | |
| **Third-Party Defendant.** | |

## AFFIDAVIT OF PLAINTIFF, NINA J. COURSEY, IN SUPPORT OF HER OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STATE OF GEORGIA

COUNTY OF LONG

The undersigned, having been sworn by an officer duly authorized to administer oaths, states as follows:

1.

I, Nina J. Coursey, was married to John B. Coursey, III, on February 17, 1994, and remained happily married to him at his death on March 5, 2003.

2.

Even though our relationship remained strong, I was concerned because Francesca Pudda and one of her boyfriends, "Agie" moved into my husband's house shortly after I left Italy in June, 2001.

3.

Shortly after they moved in, Ms. Pudda's boyfriend left.

4.

My knowledge of Ms. Pudda was that she was a gold digger that had numerous relationships, always for her monetary benefit.

5.

Through fraud, undue influence, and feminine wiles, Fracesca Pudda induced my husband to fill out a SGLV 8286, Change of Beneficiary Form, for his military life insurance.   John B. Coursey, III allegedly signed the form on December 28, 2002.

6.

This form was not received and allegedly witnessed by the proper authorities until February 16, 2003, just seventeen (17) days prior to John B. Coursey III's suspicious death and fifty (50) days after he allegedly signed the form.  See Exhibit "A", attached hereto.

7.

I was named as the primary beneficiary under John B. Coursey, III's Will, paragraphs four and five. See Exhibit "B", attached hereto.

8.

My relationship with my husband was also under attack by my mother-in-law and brother-in-law. See Exhibit "C", attached hereto.

9.

The attacks were initially thwarted by my husband, John B. Coursey, III. See Exhibit "D", attached hereto.

10.

If in fact John ever did capitulate to his family's character assassination of me and/or the feminine wiles of Francesca Pudda, he never communicated that to me.

11.

My last conversation with John, on our 9th wedding anniversary, February 17, 2003, consisted of words of love and our excitement over his imminent return home.

Affidavit submitted this _9_ day of January, 2004.


Sworn to and subscribed before me
this _9_ day of January, 2004.


_____   _____
Notary Public                      Nina J. Coursey
(SEAL)

Please read the instructions before completing this form.

# Servicemembers' Group Life Insurance Election and Certificate

Use this form to: (check all that apply)
- [X] Name or update your beneficiary
- [ ] Reduce the amount of your insurance coverage
- [ ] Decline insurance coverage

**Important:** This form is for use by Active Duty and Reserve members. This form does not apply to and cannot be used for any other Government Life Insurance.

| Last name | First name | Middle name | Rank, title or grade | Social Security Number |
|---|---|---|---|---|
| Coursey | John | Thomas III | MI(SW) / E-6 | 255 35 3414 |

| Branch of Service (Do not abbreviate) | Current Duty Location |
|---|---|
| United States Navy | NS 39 Sth Comport |

## Amount of Insurance

By law, you are automatically insured for $250,000. **If you want $250,000 of Insurance**, skip to *Beneficiary(ies) and Payment Options*. **If you want less than $250,000** of insurance, please check the appropriate block below and write the amount desired and your initials. Coverage is available in increments of $10,000. **If you do not want any insurance**, check the appropriate block below and write (in your own handwriting), "I do not want insurance at this time."

- [ ] I want coverage in the amount of $_____ your initials _____
- [ ] _____
(Write "I do not want insurance at this time.")

**CERTIFIED TRUE COPY**
~~DUBOIS~~
THE AMC CASUALTY SECTION
UNDER DIRECTION OF THE

Note: Reduced or refused insurance can only be restored by completing form SGLV 8285 with proof of good health and compliance with other requirements.

## Beneficiary(ies) and Payment Options

I designate the following beneficiary(ies) to receive payment of my insurance proceeds, as described below. The principal beneficiary(ies) will receive payment upon my death. If all principal beneficiaries predecease me, the insurance will be paid to the contingent beneficiary(ies).

| Complete Name (first, middle, last) and Address of each beneficiary | Social Security Number (if known) | Relationship to you | Share to each beneficiary (Use %, $ amounts or fractions) | Payment Option (Lump sum or 36 equal monthly payments) |
|---|---|---|---|---|
| **Principal** | | | | |
| 1. Francesca Pozzo Via R. Sanzio 12 Arzo Chene 07021 (35) Italy | N/A | Friend | 100% | Lump Sum |
| 2. — And No Others — | | | | |
| **Contingent** | | | | |
| 1 Barbara Eiveres 984 Brooke Lane Xenia OH 45385 U.S.A. | Unknown | Mother | 100% | Lump Sum |
| 2 — And No Others — | | | | |
| 3 | | | | |

**I HAVE READ AND UNDERSTAND** the instructions on pages 2 and 3 of this form. I ALSO UNDERSTAND that:
- This form cancels any prior beneficiary or payment instructions.
- The proceeds will be paid to beneficiaries as stated in #6 on page 3 of this form, unless otherwise stated above.
- If I have legal questions about this form, I may consult with a military attorney at no expense to me
- I cannot have combined SGLI and VGLI coverages at the same time for more than $250,000.

| SIGN HERE IN INK ► | *(signature)* | Date: 18 Dec 01 |
|---|---|---|
| | (Your signature. Do not print.) | |

Do not write in space below. For official use only.

| WITNESSED AND RECEIVED BY | RANK, TITLE OR GRADE | ORGANIZATION | DATE RECEIVED |
|---|---|---|---|
| Holder | PNSA (SW) | NS EMORY S. LAND AS39 | 03 FEB 16 |

SGLV 8286, April 2001
SUPERSEDES AND REPLACES FORM SGLV 8286, March 2000 WHICH WILL NOT BE USED.
p. 1

Original Copy - Member's Official Personnel File
Photocopy 1 - To Member
Photocopy 2 - To Military Records Department of Uniformed Services


PLAINTIFF'S EXHIBIT
A
ALL-STATE LEGAL®

COURS PRU 00091

PAGE  08

05/02/2003  13:36     9125452505          **Exhibit "B"**

## LAST WILL AND TESTAMENT

### OF

### JOHN BOMA COURSEY III

I, JOHN BOMA COURSEY III, a resident of the State of Georgia, make, publish and declare this to be my Last Will and Testament, revoking all wills and codicils at any time heretofore made by me. I am in the military service of the United States, currently stationed in NORFOLK, VIRGINIA.

**FIRST:** I direct that the expenses of my last illness and funeral, the expenses of the administration of my estate, and all estate, inheritance and similar taxes payable with respect to property included in my estate, whether or not passing under this will, and any interest or penalties thereon, shall be paid out of my residuary estate, without apportionment.

**SECOND:** I give any and all fire arms I may own at the time of my death to my brother, JOSEPH ELLIOT COURSEY, if he survives me.

**THIRD:** It is my request that any and all land or properties inherited by myself must remain within the Coursey Family and not sold or deeded to anyone outside of the immediate family of the Coursey's.

**FOURTH:** I give all tangible personal property owned by me at the time of my death (except cash), including without limitation personal effects, clothing, jewelry, furniture, furnishings, household goods, automobiles and other vehicles, together with all insurance policies relating thereto, to my wife NINA JEANETTE POOLE COURSEY, if she survives me, or if she does not survive me, to those of my children (which I hereafter may have) who survive me, in substantially equal shares, to be divided among them as they shall agree, or if they cannot agree, or if any of them shall be under the age of eighteen (18) years, as my Executor shall determine.

**FIFTH:** I give all the rest, residue and remainder of my property and estate, both real and personal, of every kind and wherever located, to which I shall be in any manner entitled at the time of my death (collectively referred to as my "residuary estate"), as follows:

(a)  If my wife NINA JEANETTE POOLE COURSEY survives me, to my wife outright.

*Brenda M. Chaney*

*Kw are Reloss*

PLAINTIFF'S
EXHIBIT
ALL-STATE LEGAL®
B

COURS PRU 0006



(b)  If my wife does not survive me, I give my residuary estate to those of my children who survive me <u>per stirpes</u> and to my parents JOHN B. and BARBARA M. COURSEY, if they survive me, in equal shares.

(c)  If none of the beneficiaries described above shall survive me, then I give my residuary estate to those who would take from me as if I were then to die without a will, unmarried and the absolute owner of my residuary estate, and a resident of the State of Georgia.

**SIXTH**:  If any property of my estate vests in absolute ownership in a minor or incompetent, my Executor, at any time and without court authorization, may:  distribute the whole or any part of such property to the beneficiary;  or use the whole or any part for the health, education, maintenance and support of the beneficiary;  or distribute the whole or any part to a guardian, committee or other legal representative of the beneficiary, or to a custodian for the beneficiary under any gifts to minors or transfers to minors act, or to the person or persons with whom the beneficiary resides to use for the beneficiary.  The receipt of the person to whom the distribution is so made shall release my Executor from any liability with respect thereto, even though my Executor may be such person.  If such beneficiary is a minor, my Executor may defer the distribution of the whole or any part of such property until the beneficiary attains the age of eighteen (18) years, and may hold the same as a separate fund for the beneficiary with all of the powers described in Article EIGHTH hereof.  If the beneficiary dies before attaining said age, any balance shall be paid and distributed to the estate of the beneficiary.

**SEVENTH**:  I appoint my wife NINA JEANETTE POOLE COURSEY to be my Executor.  If my wife does not survive me, or shall fail to qualify for any reason as my Executor, or having qualified shall die, resign or cease to act for any reason as my Executor, I appoint my parents JOHN B. and BARBARA M. COURSEY as Co-Executors.  I direct that no Executor shall be required to file or furnish any bond, surety or other security in any jurisdiction.

**EIGHTH**:  I grant to my Executor all powers conferred upon executors wherever my Executor may act.  I also grant to my Executor power to retain, sell at public or private sale, exchange, grant options on, invest and reinvest, and otherwise deal with any kind of property for cash or on credit;  to borrow money and encumber or pledge any property to secure loans;  to divide and distribute property in cash or in kind;  to exercise all powers of an absolute owner of property;  to compromise and release claims with or without consideration;  and to employ attorneys, accountants and other persons for services or advice.

2

The term "Executor" wherever used herein shall mean the
executors, executor, executrix or administrator in office from
time to time.

NINTH:   I direct that for purposes of this will a
beneficiary shall be deemed to predecease me unless such
beneficiary survives me by more than thirty days.  The terms
"child", "children" and "issue", as used in this will, include
children and issue hereafter born

TENTH:   I have served in the Armed Forces of the United
States.   I therefore request that my Executor make appropriate
inquiries to ascertain whether there are any benefits to which I,
my dependents or my heirs may be entitled by virtue of any
military affiliation.   I specifically request that my Executor
consult with a retired affairs officer at the nearest military
installation, the Department of Veterans Affairs, and the Social
Security Administration.

IN WITNESS WHEREOF, I, JOHN BOMA COURSEY III, sign my
name and publish and declare this instrument as my last will and
testament this 17th day of November, 1994.  I also have affixed
my signature on the bottom of each of the preceding pages hereof.

_____
JOHN BOMA COURSEY III

The foregoing instrument was signed, published and de-
clared by JOHN BOMA COURSEY III, the above named Testator, to be
his last will and testament in our presence, all being present at
the same time, and we, at his request and in his presence and in
the presence of each other, have subscribed our names as witnesses
on the date above written.

_Brenda M Chaney_

Naval Amphibious Base, Little Creek
Norfolk, Virginia  23521

_Ken alan Kelvin_

Naval Amphibious Base, Little Creek
Norfolk, Virginia  23521

3

COURS PRU 00063

This the _9th_ day of January, 2004.

PHILLIPS & KITCHINGS

RICHARD D. PHILLIPS
Georgia Bar No. 576600
JOSEPH C. KITCHINGS
Georgia Bar No. 424656
Attorneys for Plaintiff

Post Office Box 69
Ludowici, Georgia 31316
Telephone: 912/545-2191
Facsimile: 912/545-2505

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| NINA J. COURSEY,<br><br>     Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>     Defendants,<br><br>vs.<br><br>NINA J. COURSEY,<br><br>     Defendant in Counterclaim,<br><br>FRANCESCA PUDDA,<br><br>     Third-Party Defendant. | Civil Action No.: CV-203-78 |

## OBJECTION TO THIRD-PARTY DEFENDANT'S  AFFIDAVITS ATTACHED TO HER MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Nina J. Coursey, by and through her attorney of record, Joseph C. Kitchings and files this her Objection to Third-Party Defendant's Affidavits Attached to Her Motion for Summary Judgment, and shows the Court the following:

1.

Plaintiff, Nina J. Coursey, and John B. Coursey, III, deceased were married on February 17, 1994.

2.

They continued to be married and remain in a strong and secure relationship until John B. Coursey, III's death.

3.

In June, 2001, the Plaintiff, Mrs. Coursey, moved back to Toombs County, Georgia, from Italy, where the deceased was stationed, to attend to family business.

4.

The Plaintiff's husband's family became upset with Plaintiff and attempted to destroy Plaintiff's relationship and marriage to her husband, John B. Coursey, III.

5.

The affidavits submitted by the deceased's mother, brother and a high school friend, who just happens to work for the Third-Party Defendant's lawyer, are hearsay, self-serving, and have no probative value.

**WHEREFORE**, Plaintiff prays that the Court consider this matter and exclude the affidavits of Barbara Eimers, Elliott Causey, and Jay Beckwas.

Respectfully submitted, this the ____ day of January, 2004.

PHILLIPS & KITCHINGS

RICHARD D. PHILLIPS
Georgia Bar No. 576600
JOSEPH C. KITCHINGS
Georgia Bar No. 424656
Attorneys for Plaintiff

Post Office Box 69
Ludowici, Georgia 31316
Telephone: 912/545-2191

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| NINA J. COURSEY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE   PRUDENTIAL   INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendants,<br><br>vs.<br><br>NINA J. COURSEY,<br><br>    Defendant in Counterclaim,<br><br>FRANCESCA PUDDA,<br><br>    Third-Party Defendant. | Civil Action No.:  CV-203-78 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon opposing counsel by placing a copy of the same in the United States Mail with sufficient postage to ensure delivery addressed as follows:

Mr. Ben Kingree
Attorney at Law
Suite 2300
Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia  30309

Mr. Tommy J. Smith
Smith & Cannon
Post Office Box 27
Vidalia, Georgia  30475

This the ⁹/ᵗʰ day of January, 2004.

PHILLIPS & KITCHINGS

RICHARD D. PHILLIPS
Georgia Bar No. 576600
JOSEPH C. KITCHINGS
Georgia Bar No. 424656
Attorneys for Plaintiff

Post Office Box 69
Ludowici, Georgia 31316
Telephone:  912/545-2191
Facsimile:  912/545-2505