**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| NINA J. COURSEY, | * | |
| Plaintiff, | * | |
| v. | * | Case No. CV203-078 |
| FRANCESCA PUDDA, | * | |
| Defendant. | * | |

## MOTION FOR RULE 11 SANCTIONS

COMES NOW Francesca Pudda, by and through her attorney of record, Tommy J. Smith and files her Motion for Rule 11 sanctions pursuant to FRCP Rule 11(b) and (c) and shows the Court as follows:

1.

Defendant, Francesca Pudda is a female Italian citizen and the beneficiary of life insurance proceeds in the amount of $250,000.00 payable from the Prudential Insurance Company of America, Insurer for decedent John B Coursey, III, an American Military Serviceman, who passed this life on March 6, 2003.

2.

Plaintiff Nina J. Coursey was the estranged wife of Decedent John B. Coursey and upon the death of her husband filed a Complaint for Life Insurance Proceeds in the Superior Court of Long County obtaining a Temporary Restraining Order signed by the Honorable Judge Rose of the Atlantic Judicial Circuit, and restraining Prudential from paying life insurance proceeds to beneficiary Francesca Pudda.

37

3.

Insurer Prudential Insurance Company of America, a New Jersey Corporation filed a Notice of Removal to the Untied States District Court based on a absolute diversity and an amount in controversy in excess of $75,000.00. Said notice was filed pursuant to 28 U.S.C. 1441 and 1446 and 1332, within the time designated by law.

4.

Plaintiff made a claim for the life insurance proceeds of decedent and on April 2, 2003, Prudential Life Insurance informed her that the principal named beneficiary was Ms. Francesca Pudda and that pursuant to 38 U.S.C. 1970 and she was entitled to receive the full amount. Ridgeway v. Ridgeway, 454 US46 (1981).

5.

Defendant, as the principal beneficiary of the life insurance policy in question is the rightful claimant to the funds in question, however, on May 7, 2003, she was informed by the Office of Service Members Group Life Insurance that due to the Long County Temporary Restraining Order obtained by Plaintiff, no payment of the life insurance policy would be made to her at this time.

6.

On May 27, 2003, Prudential Insurance Company filed a Notice of Removal to the United States District Court, Southern District of Georgia, together with an Answer, Counterclaim and Third- Party Claim in Interpleader. As a result of the filing of Prudential, Francesca Pudda was made a Third Party Claim in the pending case.

7.

On June 23, 2003, Francesca Pudda filed a Motion to Dismiss and Motion for Rule 11 Sanctions, which placed Nina J. Coursey on notice pursuant to provisions of FRCP Rule 11 that she

intended to seek reasonable attorneys fees and expenses unless Ms. Coursey withdrew her claim, counterclaim, contentions, allegations or denial withing the next twenty-one (21) days after service thereof.

8.

Nina J. Coursey responded to the Motion to Dismiss and Motion for Rule 11 Sanctions, but did not cite any grounds as to why she should continue her claim for the insurance proceeds.

9.

On July 31, 2003, Judge Anthony A. Alaimo denied Francesca Pudda's Motion to Dismiss and Motion for Rule 11 Sanctions based on Pudda's *"contention that Coursey's claim is barred as a matter of law by the ruling in Ridgway."*

10.

On October 29, 2003, Pudda filed her answer to the counterclaim of Prudential along with a cross claim against Nina J. Coursey and a signed and executed Waiver of Service.

11.

On June 20, 2003, a Consent Order was filed granting Prudential Insurance Company of America's counterclaim and third-party claim in interpleader. The Consent Order directed and required that Nina J. Coursey and Francesca Pudda to interplead in the action and set forth in this case any claims which they may have or wish to assert to the proceeds of the group policy of John B. Coursey, III. Prudential was further directed to deposit into the registry of the Court the sum of $250,000.00 together with accrued interest. Upon the depositing of the funds into the registry of the Court, Prudential was discharged from any and all further liability under the group policy issued to John B. Coursey, III.

12.

On July 10, 2003, the Defendant Francesca Pudda began conducting discovery on interested parties.

13.

Nina J. Coursey, even though served with discovery and having answered said discovery, failed to provide proof, documentation or other evidence which supports the allegations made in her complaint. In each and every instance of discovery when the Plaintiff was asked to provide information with regard to witnesses, statements or other information giving credibility to her claim, the Plaintiff was unable to answer or either provided a general statement of producing the information at a later date or at a time when the information may be made available. To date, the Plaintiff has not provided any further information nor supplemented any responses to discovery. The responses were provided by the Plaintiff and were sworn to under oath.

14.

Plaintiff received notice of the deadline for discovery four (4) months beforehand. The Plaintiff had ample opportunity to conduct discovery and failed to do so, yet timely answered discovery submitted to her by Defendant.

15.

Nina J. Coursey failed to provide any other information with regard to any photographs, electronic recording, video tape, drawing or written statements which would substantiate her claim of duress, undue influence, etc.

16.

The Plaintiff only provided a vague description of individuals that might have some knowledge and the Plaintiff's answer is without sufficient information for the Defendant to believe

that the individuals named have any information at all.

17.

The only document identified by the Plaintiff as being in her possession and pertaining to her alleged claim for any benefits under the policy arising from the insured's death is the Last Will and Testament of John B. Coursey, III. A careful review of the Last Will and Testament shows that there is no specific provision made in the will for the SGLI policy in question.

18.

There is no code, rule, law or other statute anywhere that absolutely requires an insured to notify a beneficiary of any changes to the named beneficiary on a life insurance policy. Furthermore, the Plaintiff has failed to provide any proof whatsoever of any coercion or other false pretenses. A belief that something has happened does not give an individual sufficient grounds to bring an action such as the one that the Plaintiff has filed.

19.

Given the information provided in the case of <u>Rice v. Office of Servicemembers' Group Life Ins.</u>, the Defendant states that the Plaintiff has not shown that there was any coercive action against the free will of John B. Coursey, III in the changing of his beneficiary. There was no undue influence with regard to the change of beneficiary by John B. Coursey, III. There was no showing of mental or physical conditions that would question the mental state of John B. Coursey, III at the time of his decision to change his beneficiary, that John B. Coursey, III had been given any disinterested advice, that the change of beneficiary by John B. Coursey, III was unnatural in any way, that Francesca Pudda (Defendant) had acted in any way in procuring the SGLI benefits, or had in her possession at the time of Coursey's death the actual change of beneficiary form or a copy thereof. There were no coercive acts or threatening acts by Francesca Pudda in which John B. Coursey, III felt that he

was threatened if the change of beneficiary was not effectuated There was no evidence offered by the Plaintiff to show that the relationship between John B. Coursey, III had been restricted by the beneficiary in that John B. Coursey, III was not in contact with his family and friends. That Francesca Pudda had control over John B. Coursey, III's financial affairs and any dispute between the nature and length of the relationship between the beneficiary and the benefactor

20.

On or about July 18, 2003, the parties received the Scheduling Order setting forth filing deadlines for joining of parties, amending of pleadings, expert witness reports, discovery, summary judgment and other related matters was filed on July 18, 2003. Also, on July 18, 2003, an Order and Notice of Pretrial Proceedings was filed. Said order being signed by Magistrate Judge James E. Graham.

21.

Defendant's Motion for Summary Judgement was filed on December 12, 2003, with a copy to Plaintiff. Plaintiff subsequently had twenty (20) days to respond..

22.

Plaintiff received notice from the court on December 11, 2003, that a Motion for Summary Judgement had been filed by the Defendant and the Plaintiff had twenty days to respond. Plaintiff failed to respond by the response deadline of January 3, 2004, instead a motion to extend time was filed twenty-six (26) days after service thereof.

23.

However, Plaintiff's Motion to Extend Time was granted and Plaintiff filed a Response to Summary Judgment on January 9, 2004. Defendant attached to her affidavit in Opposition to Defendant's Motion for Summary Judgment copies of twenty-six (26) e-mails allegedly written

between John Coursey and his mother, Barbara Eimers. Defendant filed an objection citing grounds as follows: the email messages were not sworn, verified, certified, authenticated or identified, the contents are irrelevant, unfairly prejudicial, confusing and misleading. Further, they contain false, missing or deleted information and are not an accurate reflection of the email transmitted.

24.

On January 23, 2004, Defendant's Motion for Summary Judgment was granted by Judge Anthony A. Alaimo. Further, the court sustained Defendant's objection to attachments submitted by Plaintiff. The court ruled that "*Nina Coursey has presented absolutely no evidence of undue influence or trickery with regard to John Coursey's beneficiary designation on his SLGI policy.*" "*Circumstances creating a mere suspicion of undue influence are insufficient to sustain a claim of undue influence. Wheeless v. Gelzer, 780 F. Supp. 1373, 1384 (N.D. Ga. 1991).*"

25.

Therefore, the complaint filed by Nina J. Coursey was without merit and did not establish the prima facie evidence to prevail on any assertions made in her original complaint.

26.

Nina J. Coursey failed to establish within her pleadings or responses to discovery any scintilla of evidence of duress, undue influence, trickery or illegal contract with regard to the beneficiary designation of Francesca Pudda by John B. Coursey, III.

27.

Defendant hereby asserts that claimant Nina J. Coursey's claim in the Superior Court of Long County was frivolous, vexatious and otherwise unsupported existing by law, and that by maintaining her claim in Federal Court, Nina J. Coursey and her attorneys Richard J. Phillips and Joe Kitchings have subjected themselves to the sanctions as provided by FRCP Rule 11 (b) and (c).

28.

Said representations by Nina J. Coursey and her attorneys have been made by a written presentation to the court which after reasonable inquiry under the circumstances should not have been brought or maintained and that said presentation is being maintained only

(1) to harass or cause unnecessary delay or needless increase in the cost of litigation,

(2) the claims, defenses, and other legal contention therein are unwarranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law;

(3) the allegation and other factual contentions lack evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the demands of factual contentions are unwarranted on the evidence, or if specifically so identified are not reasonably based on a lack of information or belief.

29.

Based on <u>Rice v. Office of Servicemembers' Group Life Ins.</u>, 260 F.3d 1240 (10th Cir. 2001), John B. Coursey had the right to change his beneficiary and the named beneficiary is the sole claimant of the proceeds.

30.

Defendant incurred substantial costs in litigating the claim for the life insurance proceeds including attorneys fees and expenses.

WHEREFORE, upon the hearing of the issues of this motion as provided by law, Defendant Francesca Pudda respectfully demands the following:

(a) That Nina J. Coursey and the law firm representing her be held jointly and severally liable for any Rule 11 sanction imposed;

(c)  That Francesca Pudda be awarded the entire amount of attorneys fees and expenses incurred in defending the frivolous and meritless claim for insurance proceeds brought by Nina J. Coursey and her attorneys; and

(d)  Any other and further relief this court deems equitable and proper.

Respectfully submitted this the 16TH day of February, 2004.

SMITH & CANNON, P.C.

Tommy J. Smith
Attorney for Defendant
State Bar of GA No. 314103

P.O. Box 27
Vidalia, GA 30475
(912) 538-0900

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| NINA J. COURSEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV203-078 |
| | * | |
| FRANCESCA PUDDA, | * | |
| | * | |
| Defendant. | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following with a true and correct copy of the within and foregoing Motion for Rule 11 Sanctions, by United States Post Office with proper postage attached to insure delivery addressed to:

Mr. Ben Kingree
Attorney at Law
Suite 2300
Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, GA 30309

Mr. Richard D. Phillips
Mr. Joseph C. Kitchings
Attorney at Law
P.O. Box 69
Ludowici, GA 31316

This _16th_ day of February, 2004.

SMITH & CANNON, P.C.

_____
Tommy J. Smith
Attorney for Defendant
State Bar of GA No. 314103

P.O. Box 27
Vidalia, GA 30475
(912) 538-0900